UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
EASTERN DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| vs. ) | Case No. 4:21CR00668 AGF |
| ) | |
| JAMES MAYES, ) | |
| ) | |
| Defendant. ) | |

### ORDER ADOPTING REPORT AND RECOMMENDATION

This matter is before the Court on the Defendant's pretrial motion. All pretrial motions were referred to United States Magistrate Patricia L. Cohen under 28 U.S.C. § 636(b). Defendant James Mayes filed a Motion to Suppress Statements (ECF No. 76).

In his motion to suppress, Defendant alleges that (1) he did not knowingly and voluntarily waive his *Miranda* rights, and (2) he was incapable of providing a knowing and voluntary waiver of his *Miranda* rights. The case was set for trial on February 5, 2024, but at the request of counsel will be reset for a later date.

Judge Cohen held an evidentiary hearing on October 24, 2023, at which Detective Nicholas Hayden, a detective with the St. Louis Metropolitan Police Department, testified and was subject to cross-examination. The parties also played portions of the video of Defendant's interview at the police station. On November 27, 2023, Judge Cohen issued a Report and Recommendation ("R&R"), recommending that Defendant's motion be denied. (ECF No. 95.) Defendant filed a general objection, objecting to the factual findings and conclusions of law in the R&R for the reasons stated in the motion to suppress, without any further basis or specification as to particular factual findings. (ECF No. 96.)

When a party objects to a Report and Recommendation concerning a motion to suppress in a criminal case, the court is required to "make a de novo determination of those portions of the report or specified findings or recommendations to which objection is made." *United States v. Lothridge*, 324 F.3d 599, 600 (8th Cir. 2003) (quoting 28 U.S.C. § 636(b)(1)).

The Court conducted a *de novo* review of the motion to suppress, including a review of the transcript of the hearing, and a review of the entire interview video (Govt. Ex. 1), which included the two excerpts played at the hearing. Based on that review, the undersigned concludes that the Magistrate Judge made proper factual findings and correctly analyzed the issues.

For the reasons set forth more fully in the R&R, the Court agrees that the government met its burden to establish that Defendant knowingly and voluntarily waived his *Miranda* rights.[1] Here the waiver was not the result of intimidation, coercion, or deception, and Defendant fully understood the rights being waived. *See Moran v. Burbine*, 475 U.S. 412, 421 (1986). The rights were read to Defendant, and he was offered the waiver form to read and sign. He turned down the offer, stating "I already know what my rights is man, do I got to sign that?" He was told he didn't have to sign it but was asked if he understood his rights. Defendant confirmed his understanding by clearly nodding his head and saying "mmm-hmmm" in response to the officer's express question. Defendant then confirmed in the same fashion that he was okay talking to the officer.

As set forth in the R&R, the law does not require that a waiver be in writing; an oral waiver is valid. *See* R&R at 9-10 (citing cases). Nor is this a matter of mere inference,

---

[1] *Miranda v. Ariz.,* 384 U.S. 436 (1966).

2

where a defendant has refused to sign the waiver form, and then simply proceeded to answer questions.  Rather, Defendant did not sign the waiver after asking and being told he did not have to sign it, and then expressly acknowledged in a nonverbal manner that he understood his rights.  He then expressly agreed to speak with the officers.

   The Court also rejects Defendant's contention that he could not provide a knowing and voluntary waiver because he has a low IQ, a fourth-grade education and was still under the influence of K2 and prescription mental health medications at the time of his statement. While Defendant's IQ was determined to be in the borderline range, and he was determined to have some intellectual deficits, these did not rise to the level of intellectual disability. Doc. No. 55, at 1-2, 5, 12.  Throughout the course of the interview, Defendant – who has considerable prior experience with law enforcement –displayed his understanding of the situation and the questions being asked, and his answers were coherent and responsive. Further, as found by the Magistrate Judge, Defendant's responses were not just responsive, but were strategic.  During the first portion of the interview, Defendant feigned ignorance about the robberies and even of his whereabouts at the time of his arrest, and misled the officers as to critical facts.  But after being confronted with the evidence, including photographs of the Defendant and at least one video, Defendant changed his story, and admitted knowledge of the various robberies and his whereabouts and actions at the time of his arrest, and acknowledged that his prior statements to them were lies.

   The Court also rejects Defendant's assertions that his waiver could not be knowing and voluntary based on the fact that he had taken K2 and prescription mental health medications.  There is nothing in the record to indicate any prescription medications were taken that might affect Defendant's ability to think clearly.  In any event, to the extent

3

Defendant smoked K2 or took medications, that occurred approximately 24 hours before the interview, and there is nothing in the record to suggest any impairment would persist. To the contrary, once Defendant abandoned his efforts at feigning ignorance, there was no sign of impairment.

Indeed, on this record, there is little to suggest that Defendant actually smoked K2 to the extent of any impairment or was impaired for any other reason on the day he was arrested. Defendant told the officers he unintentionally smoked K2[2] and took other medications as his explanation for why he had no knowledge of any robbery nor any idea why he had gotten off the bus and was found in the area where the robbery occurred the day before. But as was evident as the interview continued, this was not true. Defendant admitted he knew exactly where he was and what he was doing when he entered the store to rob it, and confirmed facts related to his arrest. Thus, the record refutes any significant drug impairment the day prior to the interview, much less any continuing or residual impairment.

Nor was the waiver rendered involuntary by any coercive police tactics. As discussed in the R&R, the interview was not unduly prolonged, and Defendant was given food, drinks and cigarettes and was given a break when, at one point, he became anxious and upset. The officers did not threaten Defendant or raise their voices and at all times spoke to Defendant in a clear, cordial and professional manner. As such, for these reasons, and the further reasons detailed in the R&R, the Court rejects Defendant's contentions and finds that Defendant knowingly, intelligently and voluntarily waived his rights under *Miranda*, and

---

[2] Defendant told the officers someone gave him what he thought was marijuana to smoke, but that it turned out to be K2.

4

thereafter provided a voluntary statement to the officers, ultimately admitting he committed the robberies at issue.

Thus, after careful consideration, the Court will overrule Defendant's Objection, and will adopt and sustain the thorough reasoning of Magistrate Judge Cohen set forth in support of her recommended ruling.

Accordingly,

**IT IS HEREBY ORDERED** that the Report and Recommendation of United States Magistrate Judge [ECF No. 95] is **SUSTAINED, ADOPTED, AND INCORPORATED** herein, and Defendant's Objection to the Report and Recommendation [ECF No. 99] is **DENIED**.

**IT IS FURTHER ORDERED** that Defendant's Motion to Suppress Statements [ECF No. 76] is **DENIED**.

A final pretrial conference will be scheduled by separate Order.

_____
AUDREY G. FLEISSIG
UNITED STATES DISTRICT JUDGE

Dated this 22nd day of January, 2024.

5